## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Masud Omar Ali, Jafar Ahmed, Hamza
Ahmed Billow, Dhulqarnayn Ahmed
Billow, and Hussen Osman,

**Case No. _____**

Plaintiffs,

**NOTICE OF REMOVAL**

v.

Chipotle Mexican Grill, Inc.,

Defendant.

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Chipotle Mexican Grill, Inc. ("Defendant") respectfully provides notice of the removal of this cause of action from the District Court, Second Judicial District, County of Ramsey, Minnesota (the "State Court"), to this Court.  Defendant states the following as its grounds for removal:

### I.      PROCEDURAL STATUS OF CASE

1.      On September 20, 2019, Plaintiffs Masud Omar Ali, Jafar Ahmed, Hamza Ahmed Billow, Dhulqarnayn Ahmed Billow, and Hussen Osman (hereinafter "Plaintiffs") commenced an action against the Defendant in the State Court, Ramsey County, captioned *Masud Omar Ali, Jafar Ahmed, Hamza Ahmed Billow, Dhulqarnayn Ahmed Billow, and Hussen Osman, vs. Chipotle Mexican Grill, Inc.*, County of Ramsey, State of Minnesota (the "State of Action").  The Complaint and Summons in the State Court Action is attached to this Notice of Removal as Exhibit A.

2.      On September 20, 2019, Plaintiffs served Chipotle with a copy of a Summons and Complaint.

3.      To date, no process, pleadings, or orders related to this action other than the documents attached as Exhibit A have been served upon Defendant.

4.      On October 1, 2019, Chipotle requested, and Plaintiffs' counsel agreed, that Chipotle could respond to Plaintiffs' Complaint on or before October 18, 2019. Accordingly, Chipotle is filing its Answer contemporaneously with this Notice of Removal.

5.      Pursuant to 28 U.S.C. § 1446(a), Chipotle has attached all copies of pleadings and other papers it has received. Chipotle understands and believes that Plaintiffs have not yet filed their Complaint in the Second Judicial District Court, County of Ramsey, Minnesota as of the date of this Notice of Removal.

## II.     AUTHORITY FOR REMOVAL AND JURISDICTION OF THIS COURT

### A.  Federal Question Jurisdiction

6.      Pursuant to 28 U.S.C. § 1441(a), Chipotle seeks to remove this action from the Second Judicial District Court, County of Ramsey, Minnesota. A defendant to a lawsuit may remove the case to federal court so long as original jurisdiction exists. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331. This Court has original jurisdiction over the Complaint because it contains a claim that arises under the laws of the United States. *Id.* Specifically, Plaintiffs have alleged a claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, both federal statutes. (*See* Compl. ¶¶ 27–40 (Counts I and II)); *see also Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir. 1996) ("The presence of even one federal claim gives the defendant the right to remove the entire case to federal court."). It cannot be disputed that this Court has jurisdiction over these alleged federal claims. *See Gaming Corp. of Am.*, 88 F.3d at 542 ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the

face of the complaint before the defendant may remove the action based on federal question jurisdiction.") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

7. For the purposes of this Notice of Removal, Plaintiffs' claims under 42 U.S.C. § 1981 (Count I) and 42 U.S.C. § 2000a (Count II) are referred to herein as the "Federal Claims."

8. In addition to the Federal Claims, Plaintiffs have alleged additional Minnesota State-law and City of St. Paul claims, including a claim under Minnesota Statute § 363A.11, a claim under City of St. Paul Human Rights Ordinance § 183.07(1), and common-law defamation. (*See* Compl. ¶¶ 41–53 (Counts III–V)). Plaintiffs' state-law and City of St. Paul claims arise out of the same operative facts as the Federal Claims. This Court has supplemental jurisdiction over the state-law and City of St. Paul claims because they "are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *Williams v. Ragone*, 147 F.3d 700, 703 (8th Cir. 1998). That is, all of Plaintiffs' claims derive from Plaintiffs' allegations relating to their visit to Chipotle on Grand Avenue in St. Paul, Minnesota on November 15, 2018. As such, in accord with the strong policy favoring judicial efficiency and the fact that the claims arise from the same nucleus of operative facts, supplemental jurisdiction should be permitted in this action. 28 U.S.C. § 1367. Therefore, removal is proper.

### B. Diversity Jurisdiction

9. In addition to federal-question jurisdiction, this action is also removable to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

10. A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court encompassing the county in which such action is pending. *See* 28 U.S.C. § 1441(a).

11.     Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of complete diversity of citizenship of the parties and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     *Plaintiffs and Defendant Are Citizens of Different States.*   As set forth in the Complaint, Plaintiffs are citizens of Minnesota.  (Compl. ¶ 4.) Chipotle is a Delaware corporation. (*Id.* at ¶ 5.)  Chipotle's corporate offices (*i.e.*, principal place of business) are in Newport Beach, California. (*See* Declaration of Timothy Luskin ¶¶ 5–10, filed contemporaneously herewith.) Accordingly, Chipotle is a citizen of Delaware and California, and not Minnesota. *See* 28 U.S.C. § 1332(c)(1). Therefore, diversity of citizenship exists between the parties.  *See* 28 U.S.C. § 1332(a)(1).

13.     *The Amount in Controversy Exceeds $75,000*. For the court to have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed the sum or value of $75,000. In the Eighth Circuit, district courts must consider Plaintiffs' viewpoint in determining the amount in controversy. *See Smith v. Am. States Preferred Ins. Co.*, 249 F.3d 812, 813–14 (8th Cir. 2001) ("Our own circuit precedent requires the district court to rely solely on the Plaintiffs' viewpoint in meeting the requisite amount."); *Mass. State Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 F.2d 130, 132 (8th Cir. 1970) ("The amount in controversy is tested by the value of the suit's intended benefit to the plaintiff.").

14.     Plaintiffs' claim under 42 U.S.C. § 1981 provides both legal and equitable remedies. *Johnson v. Railway Express Agency*, 421 U.S. 454, 460 (1975). The legal remedies include compensatory and punitive damages. *Id.* Federal courts have held that compensatory damages under § 1981 may include damages for emotional distress. *See, e.g.*, *Holt v. Pennsylvania*, Civ. Act. No. 10-5510, 2015 WL 4944032, at *29-30 (E.D. Pa. Aug. 19, 2015) (reviewing recent

4

cases considering emotional distress damages in E.D. Pa. ranging from $50,000 to more than $250,000).[1]

15.     Plaintiffs' claim under City of St. Paul Human Rights Ordinance § 183.07(1) provides for "actual and punitive damages and, subject to subsection 183.202(5)(b), [the Court] may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." City of St. Paul Ordinance § 183.202(5).

16.     In the instant case, Plaintiffs allege that they "have suffered great and irreparable loss and injury including, but not limited to, humiliation, emotional distress and mental anquish in an amount in excess of $50,000." (Compl. ¶¶ 35, 44, 48.) Plaintiffs request punitive damages in an amount sufficient "to punish [Chipotle] for the discriminatory conduct alleged in [their] Complaint and that would effectively deter [Chipotle] from [alleged] future discriminatory behavior." (*Id.* at Prayer for Relief ¶ D.)  Plaintiffs further request costs of suit and an award of Plaintiffs' attorneys' fees and costs.  (*Id.* at Prayer for Relief ¶ E.) Based on the damages Plaintiffs seek to recover and case law where other plaintiffs have sought and recovered similar damages based on similar claims, it is clear that Plaintiffs' estimate of their compensatory damages *alone* easily exceeds $75,000.

[1]     Plaintiffs' claim under 42 U.S.C. § 2000a does not provide for money damages. *See, e.g., Am. Bus Ass'n v. Slater*, 231 F.3d 1, 5 (D.C. Cir. 2000) ("The remedies set forth in 42 U.S.C.2000a–3(a)—which is part of the 1964 Civil Rights Act—do not include money damages."); *Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286, 293 (6th Cir. 1999) ("[T]he enforcement statute [for Title III] is 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), and that section does not include money damages.").

17.     Additionally, this District has held that a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy. *See, e.g.*, *Cooper v. S & H Inc.*, No. CIV. 11-2783 JNE/SER, 2012 WL 245116, at *3 (D. Minn. Jan. 25, 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)); *see also Groeneweg v. Flint Hills Res., LP.*, No. CIV. 08-4815 DWF/FLN, 2008 WL 4951494, at *2 (D. Minn. Nov. 18, 2008) ("A plaintiff's settlement demand is relevant to the determination of the amount in controversy. Here, Plaintiff demanded $85,000 to settle his claim. Moreover, Plaintiff has refused to stipulate that he would seek less than $75,000 if Defendant agreed to remand. Accordingly, the Court determines that the requisite amount in controversy is met."). Numerous federal-circuit courts agree with this law.[2]

18.     Plaintiffs have recently communicated a settlement offer of $70,000,000 to resolve this matter. On September 30, 2019, Plaintiffs' counsel provided a $6,000,000 settlement demand to Chipotle's undersigned counsel, which was later memorialized in writing. (Declaration of Christopher W. Madel at Exhibit 1.)

[2]     *See, e.g., McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the Plaintiffs' claim."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997) (holding that settlement offer may be considered to establish amount in controversy necessary for removal to federal court; "In a case for money damages, where the amount defendant stands to lose is equal to the amount plaintiff stands to gain from judgment, the appropriate focus in determining the amount in controversy is on Plaintiffs' assessment of the value of her case.").

19. Chipotle has not accepted either settlement offer and, because it is not liable for anything here, has not provided a counteroffer.

20. *Punitive Damages*. The amount in controversy includes punitive damages for removal purposes. *See Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). Here, Plaintiffs claim they are entitled to punitive damages. (Compl. at Prayer for Relief ¶ D.)

21. *Attorneys Fees*. Plaintiffs seek to recover all attorneys' fees. (*Id.* at Prayer for Relief ¶ E.) Requested attorneys' fees are also included in the calculation of the amount in controversy. *See Missouri ex rel. Pemiscot Cty, Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Allison*, 980 F.2d at 1215. It is unlikely that Plaintiffs would incur less than $75,000 in attorney fees if their claims proceed through trial.

22. *Conclusion—amount in controversy.* Chipotle does not concede that Plaintiffs' are likely to prevail on any of the asserted claims or that, if plaintiffs do prevail on any of the asserted claims, they are entitled to any damages, punitive damages, attorneys' fees or other relief. Chipotle reserves the right to dispute, and to defend against, the asserted claims, both with regard to liability and all forms of requested damages and relief. *See Raskas v. Johnson & Johnson,* 719 F.3d 884, 887 (8th Cir. 2013); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount). Nevertheless, it is clear that from Plaintiffs' perspective, if they prevail, they will recover in excess of $75,000:

> a. for five different claims, Plaintiffs seek injunctive relief relating to alleged discrimination (Compl. at Prayer for Relief ¶ A):

b. for at least four claims, Plaintiffs seek to be compensated for their "great and irreparable loss," *including* their alleged "humiliation, embarrassment, emotional distress and mental anguish in an amount in excess of $50,000." (*Id.* at ¶¶ 35, 44, & 48);

c. Plaintiffs make *additional* requests for punitive damages, attorneys' fees, and costs (*Id.* at Prayer for Relief ¶¶ D–E ); and

d. Plaintiffs have demanded, and continue to demand, millions of dollars from Chipotle (*see supra*, at ¶ 18).

23. When all of these elements are are considered, it becomes clear that Chipotle has demonstrated by a preponderance of the evidence that the damages alleged exceed the amount-in-controversy requirement.

### III.   ALL SERVED DEFENDANTS CONSENT TO REMOVAL

24. This Notice of Removal is filed on behalf of the only Defendant.  No other defendants have been named or served in this action, and thus no other defendant's consent to removal is required under 28 U.S.C. § 1446(b)(2)(A).

### IV.   THIS NOTICE IS TIMELY

25. Defendants were served with a Summons and copy of Plaintiffs' Complaint on September 20, 2019.  This Notice of Removal is timely because it was filed within 30 days after Defendants were served with the Summons and Complaint in this action.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that 30-day period to remove runs from the service of the summons and complaint).

26. Additionally, because Plaintiffs' settlement demand was delivered on September 30 (and memorialized a day later on October 1, 2019), Chipotle's Notice of Removal is arguably

due on or before October 30, 2019. *See, e.g., Essenson v. Coale*, 848 F. Supp. 987, 990 (M.D. Fla. 1994) (post-suit settlement offer triggered second 30-day period to file notice of removal); *Addo v. Globe Life & Accident Insurance Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (same); *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *5 (S.D. Fla. June 1, 2009) (same).

## V.   VENUE OF REMOVED ACTION

27.   The United States District Court for the District of Minnesota is the United States District Court for the district embracing the state court where this action is pending. Accordingly, venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI.   NOTICE TO THE STATE COURT

28.   A copy of this Notice of Removal is being served on all parties and will be filed with the clerk of the State Court pursuant to 28 U.S.C. § 1446(d).

## VII.   NON-WAIVER OF DEFENSES

29.   Defendant expressly reserves all defenses.  By removing the action to this Court, Defendant does not waive any rights or defenses available under federal or state law. Defendant expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.

**WHEREFORE**, Chipotle respectfully removes the above-captioned action from the State Court to the United States District Court for the District of Minnesota.

9

Dated: October 11, 2019

**MADEL PA**

By    */s/ Christopher Madel*
        Christopher W. Madel (230297)
        Jennifer M. Robbins (387745)
        Stephen M. Premo (393346)
        800 Hennepin Avenue
        800 Pence Building
        Minneapolis, MN 55403
        Phone: (612) 605-0630
        Fax: (612) 326-9990
        cmadel@madellaw.com
        jrobbins@madellaw.com
        spremo@madellaw.com

        *Attorneys for Defendant Chipotle*
        *Mexican Grill, Inc.*